IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS – FORT SMITH DIVISION

MICHAEL D. GRAY                                        PLAINTIFF

vs.                      CASE NO. 17-2100

ARKANSAS GAME AND FISH COMMISSION            DEFENDANT

## COMPLAINT

COMES NOW, the Plaintiff, Michael Gray, by and through his attorneys, MICKEL & CHAPMAN, and for his Complaint against the Defendant, Arkansas Game and Fish Commission, hereby states as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a resident and citizen of Sebastian County, Arkansas, residing at 7506 Mountain Top Drive, Greenwood, Arkansas, and he formerly worked for the Defendant in the Western District of Arkansas as a Corporal Wildlife Officer at and around the Fort Smith, Arkansas division office. Plaintiff is a "qualified individual with a disability as defined by 42 U.S.C. 12131. Plaintiff was an "employee" of the Defendants as that term is defined by 42 U.S.C. § 12111(4).

2. Defendant Arkansas Game and Fish Commission is a law enforcement agency created by Amendment 35 of the Arkansas Constitution and organized and existing under the laws of the State of Arkansas. It engages in law enforcement and employment activities within the Western District of Arkansas. Upon information and belief, Defendant Arkansas Game and Fish Commission is a "Public Entity" as defined

by 42 U.S.C. § 12131 (1) and also an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

3. The Plaintiff brings this action against the Defendant for discrimination in violation of 42 U.S.C. § 12132, Title II of the Americans with Disabilities Act of 2009, or alternatively under 42 U.S.C. § 12112, Title I of the Americans with Disabilities Act of 2009.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1331; 42 U.S.C. § 12133; and 42 U.S.C.§ 12101, et. seq., where the Plaintiff's claims arise under the Americans with Disabilities Act, and where Plaintiff seeks to redress the deprivation of rights under an Act of Congress providing for the protection of civil rights.

5. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates paragraphs 1 through 5, as if fully set forth herein, word for word.

7. Plaintiff, Michael Gray was employed as a Corporal Wildlife Officer with the Defendant at its Fort Smith, Sebastian County, Arkansas, location.

8. Plaintiff was hired to begin work on January 17, 2004. He enjoyed and continued his employment with exemplary evaluations until he was terminated without warning on April 20, 2016 following a series of work related injuries and surgery treatment.

9. Prior to his termination, Plaintiff was injured while in service of the Defendant ("on duty") in September 2012 and suffered injury to his right shoulder and

neck during a foot pursuit of a fleeing subject. He was also injured in 2015 while on-duty due to a fall during a K9 animal training exercise, and he sustained damage to his left knee requiring surgery in September 2015.

10. In October 2015, Plaintiff was diagnosed with Thoracic Outlet Syndrome as a result of his injuries, specifically the injury to his right shoulder and neck. The treatment of this condition calls for removal of the upper rib and extra muscles in the neck and shoulder area. The Plaintiff had a number of concurrent physical ailments which limited his ability to ambulate, in addition to a progressive limitation to his dominate arm.

11. Plaintiff's injuries, medical treatment(s), and prognoses were well-known to Defendant, and particularly to Plaintiff's immediate supervisor(s). Plaintiff received and submitted proof to his employer of his medical impairment rating to his left knee in February 2016. The Defendant treated and regarded the Plaintiff as though he was disabled.

12. On April 20, 2016, Plaintiff was terminated in a manner that was discriminatory against him. The disciplinary action against him was motivated by animus or ill will as a result of his disability. He received disparate disciplinary treatment as a disabled employee, compared to the absence of disciplinary treatment from similarly situated non-disabled employees.

13. Upon learning of his termination, Plaintiff exhausted all appropriate internal appeals and grievances to the Arkansas Game and Fish Commission pursuant to Commission policy, and then filed a complaint about this matter to the Equal Employment Opportunity Commission (EEOC) and was approved to pursue this action as a private suit (see below).

14. Plaintiff has been damaged in the terms of lost wages, loss of medical coverage and other employment benefits, loss of rank, and medical expenses. He has not been able to find comparable employment. Plaintiff eventually obtained placement with the Greenwood, Arkansas Police Department at much lower wages. Plaintiff lost wages during the period of total unemployment and will continue to lose wages due to underemployment and loss of rank, insurance coverage, and other benefits such as holiday and vacation pay.

## EEOC PROCEDURE COMPLIANCE

15. Plaintiff filed a Charge of Employment Discrimination with the Equal Employment Opportunity Commission. Plaintiff's charge was filed within 180 days of his termination. The Equal Employment Opportunity Commission thereafter issued Plaintiff a Right-to-Sue Letter on March 22, 2017. Plaintiff is filing this complaint within 90 days of having received the Right-to-Sue Letter. See EXHIBIT A, Right-to-Sue Letter.

## COUNT 1: TITLE II OF AMERICANS WITH DISABILITIES ACT OF 1990

16. Plaintiff restates all of the allegations in each of the foregoing paragraphs.

17. During the scope of his employment, Plaintiff was a "qualified individual with a disability as defined by 42 U.S.C. 12131.

18. Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 states that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, *or be subjected to discrimination by any such entity*.

19. Title II is applicable to causes of action involving employment, and in particular, employment by public entities. *Dominguez v. Council Bluffs*, 974 F. Supp.

4

732 (S.D. Iowa 1997). See also, *Winokur v. Office of Court Amin.,* 190 F. Supp 2d 444 (E.D. New York, 2002).

20. Plaintiff suffered from a "disability" pursuant to 42 U.S.C. § 12102 (1)-(2), in that he suffered from a physical impairment that substantially limits one or more major life activities; and there is sufficient record of such impairment in his medical records from his treating physician(s). Limiting one or more "major life activities" includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communication, and working." Plaintiff's physical disabilities limit his major life activities in more than one of the above-mentioned ways, including but not limited to, walking, standing, lifting, bending, and working.

21. On April 20, 2016, Plaintiff was terminated in a manner that was discriminatory against him. The disciplinary action against him was motivated by animus or ill will as a result of his disability. He received disparate disciplinary treatment as a disabled employee, compared to the absence of disciplinary treatment from similarly situated non-disabled employees.

**COUNT 2: TITLE I OF AMERICANS WITH DISABILITIES ACT OF 1990**

22. Plaintiff restates all of the allegations in each of the foregoing paragraphs.

23. Plaintiff alternatively seeks relief under Title I of Americans with Disabilities Act of 1990, or 42 U.S.C. § 12112 et. Seq.

24. 42 U.S.C. §12112(a) states that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application

procedures, the hiring, advancement, *or discharge of employees*, employee compensation, job training, and other terms, conditions, and privileges of employment."

25. Under a plain reading of § 12112 (a), Title I is also applicable to causes of action involving employment.

26. Plaintiff was a "qualified individual" pursuant to 42 U.S.C. § 12111(8) because he was able to perform the essential functions of a wildlife officer for Defendant but for the discrimination and disparate treatment he suffered from his supervisors.

27. Plaintiff suffered from a "disability" pursuant to 42 U.S.C. § 12102 (1)-(2), in that he suffered from a physical impairment that substantially limits one or more major life activities; and there is sufficient record of such impairment in his medical records from his treating physician(s). Limiting one or more "major life activities" includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communication, and working." Plaintiff's physical disabilities limit his major life activities in more than one of the above-mentioned ways, including but not limited to, walking, standing, lifting, bending, and working.

28. On April 20, 2016, Plaintiff was terminated in a manner that was discriminatory against him. The disciplinary action against him was motivated by animus or ill will as a result of his disability. He received disparate disciplinary treatment as a disabled employee, compared to the absence of disciplinary treatment from similarly situated non-disabled employees.

## DAMAGES AND REQUEST FOR RELIEF

29.     As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered damages including anxiety, humiliation, emotional distress and anguish, loss of employment, lost wages, loss of reputation, loss of benefits, and diminished earning capacity.

30.     Plaintiff is entitled to lost wages from the date of termination until the date of trial in addition to all other tangible employment benefits lost because of the wrongful termination. Plaintiff should also be awarded punitive damages due to the conduct complained herein being intentional, reckless, wanton, and knowing, and Plaintiff should be awarded punitive damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant on all claims as follows:

(1)     For reinstatement of employment at previous rank and damages, or in the alternative for an award of damages in the amount of $500,000;

(2)     For all compensatory and special damages suffered by the Plaintiff, as well as punitive damages against the Defendant for an intentional violation of Plaintiff's rights;

(3)     For front pay and back pay dating back to the time of termination of Plaintiff's employment;

(4)     For a reasonable attorney's fee, including litigation expenses, and costs for bringing this action pursuant to 42 U.S.C § 12132 and/or 42 U.S.C. § 12112 of the

Americans with Disabilities Act of 1990 (ADA); and for all other relief claimed herein and that this Court deems appropriate.

      **PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully Submitted,


      MICHAEL D. GRAY

      _____
      Thomas W. Mickel, ABA 86124
      Dustin Chapman, ABA 2006198
      Brooklyn Parker, ABA 2016152
      MICKEL & CHAPMAN
      Attorneys for Plaintiff
      1319 Main Street
      Conway, AR 72034
      Email: dustin@mickelchapman.com
      Phone: 501-328-5500
      Fax: 501-499-9841